IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

HOWARD TIEMAN, et al., )
 )
      Plaintiffs, )
 )
vs. ) Case No. 4:25-00246-CV-DGK
 )
AMERICAN RISK SERVICES, LLC, et al., )
 )
      Defendants. )

## ORDER REGARDING DISCOVERY DISPUTE

Plaintiffs are the developers and/or owners of a novel and lucrative insurance product, namely a loan-to-value risk management program for automobile loans. Plaintiffs call their product the LEP/DGP Program.[1] To commercialize this product, Plaintiffs sought a partner to assist with sales solicitation, administration, and marketing, as well as an insurance underwriter to underwrite and issue policies. Plaintiffs began consulting with Glen Ballew ("Ballew"), a recently retired Executive Vice President of Arch Insurance Company ("Arch"), to bring the LEP/DGP Program to market. Plaintiffs were then introduced to defendant American Risk Services, LLC ("ARS"), which had a relationship with Arch Insurance Company through other insurance programs. Plaintiffs allege Defendants fraudulently induced them to enter into an agreement to market the insurance product by misrepresenting their intent and ability to perform their obligations. Defendants deny the allegations.

On August 22, 2025, the Court granted Arch's motion to dismiss, finding Plaintiffs had no legitimate claims against Arch, and they had fraudulently joined Arch to preclude removal.

---

[1] The acronym is derived from the program's former name, the Partial Recourse Protection Program, which was later known as Lenders Equity Protection ("LEP") when it was made available to retail automotive lenders and known as Dealer Guarantee Protection ("DGP") when made available to automobile dealers.

Now before the Court is a discovery dispute related to a third-party subpoena Plaintiffs served on Arch. The subpoena contains fifty-seven document requests spanning as much as seven years of time. It appears Arch has not produced any documents in response to the subpoena.

After reviewing the memos, the Court holds a teleconference is not necessary and rules on the existing record.

The arguments can be summarized as follows. Plaintiffs argue Arch is an integral player in the events in this case, and that Arch's objections are impermissible "boilerplate" objections which should be ignored because they violate the Court's Initial Standing Order, ECF No. 8.

In response, Arch argues that as a non-party to this lawsuit, it is entitled to heightened protection under Rules 26 and 45, and that the requests are overly broad, unduly burdensome, unreasonably duplicative of discovery sought from the remaining Defendants, and seek confidential and competitively sensitive information. Arch contends that any non-party discovery concerning it should be (1) sequenced to take place after party discovery; (2) narrowed to eliminate duplication of discovery served on the remaining Defendants because many of the documents Plaintiffs seek are also in the possession of the remaining Defendants; and (3) limited in scope by custodian, subject, and timeframe, subject to "appropriate confidentiality protections;" and (4) Plaintiff should be required to reimburse Arch for the reasonable costs of compliance, including vendors costs, attorneys' fees, and the production of a privilege log.

As a threshold matter, the Court is disappointed by the parties' inability, or unwillingness, to narrow the scope of their dispute before seeking the Court's intervention. That said, the Court agrees with both parties. With respect to Plaintiffs' complaints, the Court agrees that almost all of Arch's responses consist of boilerplate objections. Here is a typical response:

> Objection. This Request is overly broad, unduly burdensome, and disproportionate to the claims, defenses and issues

> in the case, and seeks documents that are not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible evidence. This Request is also premature and unduly burdensome because Plaintiffs just recently served their first and only discovery requests directed upon any defendant in the Underlying Action, which seek the same or substantially the same documents as requested here, and have not yet received Defendant's responses or documents. Plaintiffs have not sought discovery from ARS or any other Defendant likely in direct possession of the requested documents. This Request calls for the disclosure of documents that are in the possession, custody, or control of Defendants in this action. To the extent they exist, Plaintiffs can obtain such documents directly from Defendants; it is improper to impose such a burden on a third party. This Request is also vague and ambiguous; it is unclear what documents are actually being requested by Plaintiffs. To the extent this Request can be understood, it appears to seek confidential, proprietary and/or commercially sensitive business information belonging to non-party Arch. This Request is also overly broad and unduly burdensome because it contains no temporal limitations and would require Arch to search through an unreasonable amount of documents. Responding to this unreasonable Request would likely require the hiring of an outside vendor at a significant hourly rate to locate, review, and produce the requested information and overall would require Arch to incur significant expense. Finally, this Request seeks sensitive and confidential business information belonging to Arch.

Arch's Objections and Responses to Plaintiff's Third-Party Subpoena, ECF No. 44-4. This answer is essentially repeated throughout Arch's responses, albeit worded slightly differently, or with a different sentence added or subtracted. *Compare, e.g.*, Arch's responses to requests #1 and #2 (identical to the above) *with* #4 (including the sentence, "It further improperly assumes facts because Arch is not a party to the Agreement attached as Schedule Exhibit A1 and, thus, did not negotiate, execute, implement, perform, or interpret it."), #5 (including the sentence, "It further improperly assumes facts because Arch is not a party to the Letter Agreement attached as Schedule Exhibit A2 and, thus, did not negotiate, execute, implement, perform, or interpret it."), and #23

3

(adding "Among other things, this Request is not limited [sic] the LEP or DGP," and slightly modifying other sentences.) The constant in almost all of Arch's responses is that they fail to specify exactly how the request is deficient. Consequently, these responses are textbook boilerplate objections as described in the Court's Initial Standing Order.

Ordinarily the Court would summarily rule almost all of Arch's objections to be waived. But the Court cannot do so in this case, because so many of Plaintiffs' requests are sufficiently premature, overly broad, unduly burdensome, and/or disproportionate given Arch's third-party status that it would be inequitable to do so.

Turning to Arch's complaints, while Plaintiffs are correct that Rule 26(d)(3) does not require Plaintiffs to obtain discovery from the existing Defendants before seeking discovery from a third-party such as Arch, sequencing discovery on Arch to take place after party discovery is substantially complete makes practical sense in this case. There is merit to Arch's other arguments as well: since there is substantial overlap between the documents in the Defendants' possession and the documents Plaintiffs seek from Arch (for example, request #5 seeks "All communications and documents sent to or received from any current Defendant to this case about the Agreement"), discovery against Arch should be reasonably designed to eliminate this duplication. Further, the Court agrees Plaintiffs should limit the scope of their subpoena by custodian, subject, and timeframe. Any documents produced should be subject to "appropriate confidentiality protections," and some amount of cost-sharing is appropriate here.

The devil, of course, is in the details. Given the lack of good-faith effort put forth by the parties to resolve their dispute without the Court's intervention, the Court declines to rule on the specifics of each of the fifty-seven requests (which is an excessive number of requests to seek from a third-party). Instead, the Court directs Plaintiffs and Arch to re-start this process from the

4

beginning with the Court's above observations in mind.  That is, the Court strikes the pending subpoena in its entirety.  Plaintiffs may prepare and serve a substantially revised subpoena, to which Arch will respond with non-boilerplate responses.

**IT IS SO ORDERED.**

Date:   February 24, 2026                                  /s/ Greg Kays
                                                                  GREG KAYS, JUDGE
                                                                  UNITED STATES DISTRICT COURT