**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| HOWARD TIEMAN, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>AMERICAN RISK SERVICES, LLC, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 4:25-00246-CV-DGK |

**ORDER GRANTING MOTION TO SUPPLEMENT THE RECORD, DENYING MOTION TO AMEND**

This case arises out of allegations that Defendants fraudulently induced Plaintiffs to agree to let them market Plaintiffs' insurance product by misrepresenting their intent and ability to perform their obligations. Defendants deny the allegations.

Plaintiffs filed this case in the Circuit Court of Jackson County, Missouri. Defendants removed to federal court, alleging Plaintiffs fraudulently joined Defendant Arch Insurance Company ("Arch Insurance") to preclude removal. The Court subsequently denied Plaintiffs' motion to remand and granted Defendant Arch Insurance Company's 12(b)(6) motion to dismiss all claims against it. ECF No. 31.

Now before the Court are Plaintiffs' Motion for Leave to Amend Complaint and Add Additional Parties, ECF No. 38, and Plaintiff's Motion for Leave to Supplement, ECF No. 75. The former seeks to amend the Complaint to add Arch Insurance back into the litigation and add an Arch subsidiary, Arch Specialty Insurance Company, to it as well—moves that would force remand. The latter motion seeks to supplement the record with discovery conducted months after Plaintiffs filed the motion to amend. Granting the motion to supplement would expand the record available for the Court's consideration in ruling on the motion for leave to amend the Complaint.

## I. The motion to supplement is granted.

The Court considers the motion to supplement first. Plaintiff argues the Court should grant the motion because the supplemental information was not in Plaintiffs' hands when briefing on the motion to amend closed, and (Plaintiffs assert) the information shows that Plaintiffs properly joined Arch initially so the Court should grant leave to amend and then remand this case.

Defendants respond the Court should deny leave to supplement because the information in half the documents attached to the motion to amend was produced in November 2025, well before Plaintiff filed the initial motion, and the rest of the "new" information could have been discovered earlier if Plaintiffs were not dilatory in conducting discovery. Defendants further argue Plaintiffs have mischaracterized the import of the evidence in the supplemental exhibits: They contend the supplemental evidence does not change the language in the Letter Agreement or the Producer Agreement that govern the parties' relationships, which the Court previously held shielded Arch Insurance from liability.

In their reply brief, Plaintiffs reiterate their earlier points but also note the parties' dispute concerning the significance of the supplemental material goes to the merits of the underlying motion for leave to amend, not whether the Court should expand the record to consider the material.

Although the Court agrees with Defendants that all of the supplemental evidence would have been available to Plaintiffs when they initially moved for leave to amend if they had diligently pursued discovery from the outset, the Court sees no harm in expanding the record. Accordingly, the motion to supplement the record is GRANTED.

## II. The motion to amend is denied.

Turning to the motion for leave to amend the Complaint, the Court denies the motion because Plaintiffs have not shown that Arch Insurance is necessary and indispensable to a full resolution of the case, or that justice requires joinder and remand.

### Standard

The applicable standard here is well-established, even if Plaintiffs have failed to cite the entire relevant standard or apply it to the facts of this case. Rule 15(a)(2) provides "a party may amend its pleadings only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). While leave to amend should be given freely "when justice so requires," *id.*, leave may be denied when the plaintiff is "guilty of undue delay, bad faith, dilatory motive, or if permission to amend would unduly prejudice the opposing party." *Bailey v. Bayer CropScience L.P.*, 563 F.3d 302, 307 (8th Cir. 2009). Leave may also be denied if the amendment would be futile, i.e., the added claims could not withstand a Rule 12(b)(6) motion to dismiss. *See Munro v. Lucy Activewear, Inc.*, 899 F.3d 585, 589 (8th Cir. 2018).

The remaining portion of the relevant standard Plaintiffs neglected to cite is as follows.[1]

"When an action is removed from state to federal court, and after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." *Bailey*, 563 F.3d at 307–08. Joinder is required if the plaintiff satisfies Fed R. Civ. Pro. 19 and shows that the new parties are "necessary and indispensable to a full resolution of the case." *Id.* at 308. The

[1] Plaintiffs failure to cite the well-established applicable standard violates Section II of the Court's Initial Standing Order, ECF No. 8, particularly that portion of it ordering a party to conduct legal research and primarily cite binding, on-point authority in making legal arguments.

Eighth Circuit has cautioned that where, as here, the plaintiff seeks to add a nondiverse defendant to a removed case, the district court should scrutinize the proposed amendment "more closely than an ordinary amendment." *Id.* at 309. In such cases, determining whether "justice so requires" requires the Court to consider: "(1) the extent to which the joinder of the nondiverse party is sought to defeat federal jurisdiction, (2) whether the plaintiff has been dilatory in asking for amendment, and (3) whether the plaintiff will be significantly injured if amendment is not allowed." *Id.* (internal quotation marks and citation omitted).

**Analysis**

Defendants argue the motion should be denied because: (1) amendment is futile and done in bad faith; (2) Arch and Arch Specialty are not required parties under Rule 19; and (3) justice does not require joinder and remand. While some of these arguments are more persuasive than others, Defendants support each with a detailed argument and citation to relevant law.

In response, Plaintiffs argue at length that the claim is not futile, and briefly argue that the motion is timely and made in good faith. As for the *Bailey* analysis, Plaintiffs' opening brief does not mention it at all, and their reply brief only states the following in the very last paragraph of the brief:

> *Bailey v. Bayer CropScience L.P.*, 563 F.3d 302 (8th Cir. 2009) recognized heightened scrutiny for post-removal amendments adding nondiverse defendants, but *Bailey*'s own facts explain the scrutiny: the plaintiff waited over a year, did not originally name the nondiverse defendant, "failed to inform the court such joinder would destroy diversity," and immediately moved to remand. *Id.* at 309. And in *Boyd v. Lowe's Companies, Inc.*, No. 4:21-CV-00417-DGK, 2022 WL 1184488, at *2 (W.D. Mo. Apr. 21, 2022), the plaintiff filed a parallel state court lawsuit before moving to amend. Here, Plaintiffs filed before the deadline. No parallel action exists.

> Plaintiffs state that this would affect jurisdiction. Ex. A ¶ 16. Plaintiffs never previously sought leave to amend. Even under *Bailey*'s heightened scrutiny—reserved for cases "faced with an amended pleading naming a new nondiverse defendant in a removed case," 563 F.3d at 309—the analysis is a balancing test (*id.*) favoring Plaintiffs.

Pls.'s Reply Br. at 11, ECF No. 92. That is, Plaintiffs acknowledge *Bailey*'s existence, intimate its application is limited to the facts in *Bailey*, and conclude—without applying the facts in this case to Rule 19—that even if applicable, "the analysis is a balancing test favoring Plaintiffs."

Applying the arguments made in the parties' briefs, the Court rules as follows. Whether the proposed motion to amend is brought in bad faith is a close call. Further, it is likely futile because even with the supplemented record, the claims against Arch and Arch Specialty would likely not survive a motion to dismiss.

The Court does not have to answer either of these questions definitively, however, because Plaintiffs have not attempted to argue, much less demonstrated, that Arch and Arch Specialty are "necessary and indispensable to a full resolution of the case" as required by *Bailey*. Hence, the motion must be denied.

Even if Plaintiffs had made this latter showing, however, the Court would still deny leave to amend. With respect to the three factors the Court weighs in determining whether "justice so requires" granting leave here; while Plaintiffs have made a conclusory assertion that "the balancing test favor[s] Plaintiffs," this "argument" is unavailing. Granted, at various points in their brief, Plaintiffs hotly dispute whether they have been dilatory in seeking amendment. But they do not argue the first and third points, nor could they with any hope of success. Plaintiffs' joinder of Arch and Arch Specialty is plainly calculated to defeat federal jurisdiction, and Plaintiffs will not

be significantly injured if amendment is not allowed. There is no injury here because Plaintiffs can file suit against these Defendants in Missouri state court, something they are unlikely to do because their claims against these two entities are likely futile.

Accordingly, Plaintiffs' motion to amend is DENIED.

**IT IS SO ORDERED.**

Date: September 21, 2026

/s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT